**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSA H. QUINONES,

          Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

          Defendant-Appellee.

No. 15-56319

D.C. No. 8:14-cv-01425-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding

Submitted May 8, 2017[**]
Pasadena, California

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

Quinones appeals from the judgment of the district court upholding the final

decision of the Commissioner of Social Security that she was not disabled, and

thus not entitled to disability insurance benefits, pursuant to 42 U.S.C. §§ 416, 423.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order affirming an administrative law judge's (ALJ) denial of Social Security benefits. *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). The issue before us is whether the Commissioner's final decision determining that Quinones is not disabled is supported by substantial evidence and free of reversible error. 42 U.S.C. § 405(g).

In determining that Quinones was not disabled, the ALJ properly employed the five-step sequential evaluation procedure and found that Quinones's impairments were not presumptively disabling under any of the listed impairments outlined at 20 C.F.R. § Pt. 404, Subpt. P. App. 1. Subsequently, the ALJ found that Quinones retained the residual functioning capacity for sedentary work with certain restrictions, and that her subjective allegations were not fully credible.

The Commissioner's final determination was appealed to the district court and, by stipulation, the case was referred to a magistrate judge. We conclude, based upon the opinion of the magistrate judge, that the Commissioner's final decision denying benefits should be upheld as it is supported by substantial evidence and free of reversible legal error. We agree with the magistrate judge that no weight

should be given to Dr. Kornu's opinions because they are unsupported by the factual record, and were improperly based on Quinones's non-credible statements.

Any error committed by the ALJ by not specifically addressing Dr. Kornu's opinions that Quinones was limited by debilitating flare-ups and loss of grip strength was harmless. Quinones failed to meet her burden of proof. The only evidence in the record that Quinones's flare-ups, loss of grip strength, and fatigue were frequent and debilitating was her testimony and self-reports to doctors, and she does not contest the ALJ's conclusion that she was "not entirely credible." *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.").

Therefore, for the reasons stated by the magistrate judge, we affirm.

**AFFIRMED**.